Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Matthew R. Snyder (SBN 350907)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
23586 Calabasas Rd., Suite 105
Calabasas, CA 91302
Phone: 323-306-4234
tfriedman@toddflaw.com
abacon@toddflaw.com
msnyder@toddflaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDREW DEFOREST, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>OC HOME BUYERS, LLC; and DOES 1 through 10, inclusive, and each of them,<br><br>Defendant. | Case No:<br><br>**<u>CLASS ACTION SEEKING STATEWIDE OR NATIONWIDE RELIEF</u>**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 *et seq.*]<br>2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 *et seq.*]<br><br>**DEMAND FOR JURY TRIAL** |

## <u>INTRODUCTION</u>

1. ANDREW DEFOREST ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable

remedies, resulting from the illegal actions of OC HOME BUYERS, LLC ("Defendant") in negligently and willfully contacting Plaintiff on his cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA") and related regulations. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE CASE

2. Plaintiff brings this action individually and on behalf of all others similarly situated, seeking damages, injunctive relief, and any other available legal or equitable remedies resulting from the illegal actions of OC Home Buyers, LLC ("Defendant") in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, specifically, the National Do-Not-Call provisions, thereby invading Plaintiff's privacy and disturbing his peace.

## JURISDICTION & VENUE

3. Jurisdiction is proper under *28 U.S.C. § 1331* because this action arises under a federal statute, namely the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*.

4. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this district.

## PARTIES

5. Plaintiff is, and at all times mentioned herein, was a natural individual and resident of the State of California, County of Los Angeles. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39). Plaintiff was physically in California at the time he received the alleged phone calls

from Defendant.

6. Plaintiff is informed and believes, and thereon alleges, that Defendant OC HOME BUYERS, LLC is a California limited liability company doing business throughout California, including in this judicial district. Defendant and its agents are each "persons" as defined by 47 U.S.C. § 153(39).

7. The above-named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

8. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

9. Beginning in or around early September 2025, Defendant, through its agents or representatives, placed repeated telephone calls to Plaintiff's cellular telephone number, originating from (714) 386-7171, a number associated with Yorba Linda, California.

10. The calls were placed for the purpose of promoting Defendant's business "OC Home Buyers," a real estate investment company that markets itself as purchasing homes directly from consumers. Defendant's website, "www.ochomebuyers.com", confirms that it provides related real estate transaction

services, including arranging escrow, document preparation, and closing assistance — services that generate profit for Defendant and qualify its calls as telemarketing solicitations under the TCPA.

11. Plaintiff's telephone number has been registered on the National Do-Not-Call Registry for more than 30 days prior to the first call.

12. Despite this, Defendant and/or its agents placed approximately fifty (50) unsolicited calls to Plaintiff over a period of about six weeks, often two to three times per day, including on October 3, 7, 8, 10, 13, 16, and 17, 2025. The frequency and pattern of the calls demonstrate a deliberate campaign rather than isolated mistakes.

13. Many of these calls occurred within hours of one another, and some resulted in multiple missed calls appearing consecutively on Plaintiff's call log. Plaintiff's phone records show a consistent pattern of harassment, with Defendant's number repeatedly appearing under "Yorba Linda, CA."

14. On several occasions, Plaintiff answered the calls and spoke with representatives who identified the caller as "OC Home Buyers." The callers asked whether Plaintiff owned his home and expressed interest in "making an offer" to purchase it.

15. On September 17, 2025, Plaintiff answered one of Defendant's calls from telephone number (714) 386-7171 and spoke with a live representative who identified the caller as "OC Home Buyers." During that conversation, Plaintiff expressly requested that Defendant stop calling him and remove his number from its contact list.

16. Despite Plaintiff's explicit request, Defendant continued to place calls almost daily for weeks afterward. Defendant did not acknowledge or honor Plaintiff's revocation of consent, demonstrating that it failed to maintain an internal do-not-call list as required by law.

17. On or about October 16, 2025, Defendant began using an additional

telephone number, (949) 647-4727, to contact Plaintiff. The same representative, company name, and sales script were used during these calls, demonstrating that Defendant employs multiple originating numbers to continue its telemarketing efforts even after a consumer requests that the calls stop.

18. Upon information and belief, based on the content of Defendant's repeated sales-oriented calls, Defendant's representatives sought to promote Defendant's real estate investment business and may also have been attempting to market "wholesale real estate" opportunities or related services. These communications were made for the purpose of encouraging Plaintiff to engage in transactions for Defendant's financial benefit and therefore constituted "telephone solicitations" within the meaning of 47 C.F.R. § 64.1200(f)(15).

19. Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

20. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

21. Such calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2), as they were an attempt to promote or sell Defendant's services.

22. Plaintiff received numerous solicitation calls from Defendant within a 12-month period.

23. Plaintiff requested that Defendant stop in response to multiple calls by Defendant thus revoking any prior express consent that had existed and terminating any established business relationship that had existed, as defined under 16 C.F.R. 310.4(b)(1)(iii)(B).

24. Plaintiff's requests that Defendant calling him constitute a request that he be placed on defendant's internal do-not-call list.

25. Upon information and belief and based on Plaintiff's experiences of being called by Defendant after requesting they stop calling him, and at all relevant

times, Defendant does not maintain a written policy, available upon demand, for maintain a do-not-call list, as required by 47 C.F.R. § 64.1200(d)(1).

26. Plaintiff further alleges that Defendant does not train its employees who are engaged in telemarketing in the existence and use of any do-not-call list, as required by 47 C.F.R. § 64.1200(d)(2).

27. On information and belief, Defendant failed to place Plaintiff on the do-not-call list, despite his request to no longer be called by Defendant. Instead, Defendant continued to call to Plaintiff's cellular telephone, in violation of 47 C.F.R. § 64.1200(d)(3).

28. These calls by Defendant, or its agents, violated 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)–(d).

29. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered invasion of privacy, frustration, and emotional distress. Plaintiff's peace and solitude were repeatedly disturbed by Defendant's persistent and harassing calls. Plaintiff and similarly situated individuals have suffered concrete harm, including the loss of use and enjoyment of their phones, and are entitled to statutory damages and injunctive relief under the TCPA.

## CLASS ALLEGATIONS

30. Plaintiff brings this action on behalf of himself and on behalf of and all others similarly situated, as a member of the two proposed Classes (hereafter, jointly, "The Classes").

31. Plaintiff represents, and is a member of, the National Do-Not-Call Class (hereinafter "National DNC Class") defined as follows:

> All persons within the United States who were registered on the National Do-Not-Call Registry for at least thirty (30) days prior to the first call, and who received more than one telephone solicitation call by or on behalf of Defendant promoting Defendant's products or services within any twelve-month period, within four years prior to the filing of this Complaint through

the date of class certification.

32. Plaintiff represents, and is a member of, the Internal Do-Not-Call Class (hereinafter "Internal DNC Class") defined as follows:

> All persons within the United States who requested that Defendant stop calling them, and who, after making such a request, received more than one telephone call by or on behalf of Defendant promoting Defendant's products or services within any twelve-month period, within four years prior to the filing of this Complaint through the date of class certification.

33. Defendant, its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

34. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes thousands of members. Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

35. Plaintiff and members of The DNC Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and National DNC Class members via their telephones for solicitation purposes, thereby invading their privacy and violating their statutory rights under the TCPA. Plaintiff and the National DNC Class members were damaged thereby.

36. There is a well-defined community of interest in the questions of law and fact involved affecting the National DNC Class members. The questions of law and fact common to the National DNC Class predominate over questions which may affect individual National DNC Class members, including the following:

a) Whether, within the four years prior to the filing of this Complaint

through the date of class certification, Defendant or their agents placed more than one telemarketing/solicitation calls to National DNC Class members whose telephone numbers were on the National Do-Not-Call Registry;

b) Whether Defendant maintains proper procedures and policies on the use of do-not-call lists, as required by 47 C.F.R. § 64.1200;

c) Whether Plaintiff and the National DNC Class members were damaged by Defendant's conduct, and the extent of damages for such violations; and

d) Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

37. As a person that received solicitation telephone calls from Defendant within a twelve-month period, and whose phone number was registered on the National Do-Not-Call Registry, Plaintiff is asserting claims that are typical of the National DNC Class. Plaintiff will fairly and adequately represent and protect the interests of the National DNC Class in that Plaintiff has no interests antagonistic to any member of the National DNC Class.

38. Plaintiff and members of the Internal DNC Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and Internal DNC Class members via their telephones for solicitation purposes, thereby invading the privacy of said Plaintiff and the Internal DNC Class members who had requested that Defendant stop contacting them. Plaintiff and the Internal DNC Class members were damaged thereby.

39. There is a well-defined community of interest in the questions of law and fact involved affecting the Internal DNC Class members. The questions of law and fact common to the Internal DNC Class predominate over questions which may affect individual Internal DNC Class members, including the following:

a) Whether, within the four years prior to the filing of this Complaint

through the date of class certification, Defendant or their agents placed more than one telemarketing/solicitation telephone calls to Internal DNC Class members who had previously requested that Defendant stop contacting them;

b) Whether Defendant maintains proper procedures and policies on the use of do-not-call lists, as required by 47 C.F.R. § 64.1200;

c) Whether Plaintiff and the Internal DNC Class members were damaged by Defendant's conduct, and the extent of damages for such violations; and

d) Whether Defendant and their agents should be enjoined from engaging in such conduct in the future.

40. As a person that received numerous solicitation telephone calls from Defendant within a twelve-month period after he requested they stop contacting him, Plaintiff is asserting claims that are typical of the Internal DNC Class. Plaintiff will fairly and adequately represent and protect the interests of the Internal DNC Class in that Plaintiff has no interests antagonistic to any member of the Internal DNC Class.

41. Plaintiff and the members of the Classes have suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class members will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual member's claims, few, if any, members of the Classes could afford to seek legal redress for the wrongs complained of herein.

42. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

43. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford

individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

44. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

45. Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

///

///

///

///

**<u>FIRST CAUSE OF ACTION</u>**

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

**On Behalf of the DNC Class**

46. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-27.

47. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each

and every one of the above cited provisions of *47 U.S.C. § 227(c)*, and in particular *47 U.S.C. § 227 (c)(5)*.

48. As a result of Defendant's negligent violations of *47 U.S.C. § 227(c)*, Plaintiff and the DNC Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)(B)*.

49. Plaintiff and the DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the**

**Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

**On Behalf of the DNC Class**

50. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-27.

51. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c)*, in particular *47 U.S.C. § 227 (c)(5)*.

52. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227(c)*, Plaintiff and the DNC Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)*.

53. Plaintiff and the DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

**First Cause of Action for Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

a. As a result of Defendant's negligent violations of *47 U.S.C. §227(c)(5)*, Plaintiff and the DNC Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(c)(5)*.

b. Pursuant to 47 U.S.C. § 227(c)(5)(A), injunctive relief prohibiting such conduct in the future.

c. Any and all other relief that the Court deems just and proper.

**Second Cause of Action for Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

a. As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(c)(5)*, Plaintiff and the DNC Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(c)(5)*.

b. Pursuant to 47 U.S.C. § 227(c)(5)(A), injunctive relief prohibiting such conduct in the future.

c. Any and all other relief that the Court deems just and proper.

54. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully Submitted this 21st Day of October, 2025.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: /s/ Todd M. Friedman
Todd M. Friedman
Law Offices of Todd M. Friedman
Attorney for Plaintiff